MINUTE ENTRY
KNOWLES, M.J.
FEBRUARY 23, 2017

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **REGINALD ADAMS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-1543** |
| **CITY OF NEW ORLEANS, ET AL.** | **SECTION "E" (3)** |

On February 22, 2017, the Motion to Quash Subpoena [Doc. #174] and the Ex Parte Motion to Supplement Motion to Quash Subpoena and to Seek a Protective Order [Doc. #180] came on for oral hearing before the undersigned.  Present were Michael Magner on behalf of plaintiff and Lisa Jordan on behalf of movant Roger W. Jordan, Jr. ("Jordan").  After the oral hearing, the Court took the motion under advisement.  Having reviewed the pleadings and the case law, the Court rules as follows.

**I.      Background**

The factual background of this lawsuit has been outlined before, and there is no need to repeat it here.  *Adams v. City of New Orleans*, Civ. A. No. 15-1543, 2016 WL 4272711 (E.D. La. Aug. 15, 2016); *Adams v. City of New Orleans*, Civ. A. No. 15-1543, 2016 WL 4275246 (E.D. La. Aug. 15, 2016).

**II.     The Parties' Arguments**

On January 6, 2017, plaintiff issued a subpoena on Jordan. The subpoena seeks to compel Jordan's attendance at a February 3, 2017 deposition. Jordan is not a party to this case. Jordan had no involvement whatsoever in any of the prosecutions of plaintiff which form the basis of this lawsuit and would not even become employed at the Orleans Parish District Attorney's Office ("DA's office") until six years after plaintiff's first conviction.

MJSTAR: 00:25

Citing Rule 45(b)(1), Jordan asks the Court to quash the subpoena because (1) plaintiff failed to serve him personally, and (2) plaintiff failed to tender the fees for one day's attendance and mileage at the time that he served the subpoena. Citing Fifth Circuit case law, Jordan notes that a subpoena must be quashed if plaintiff failed to personally serve the movant and simultaneously tender the fees for one day's attendance and mileage.

Plaintiff then served Jordan with another subpoena on February 9, 2017, scheduling the deposition on March 3, 2017. This subpoena remedied the deficiencies outlined above.

Jordan now asks the Court to quash the deposition because he has no information relevant to plaintiff's claims. He did not work at the DA's office when plaintiff was tried and convicted in 1983. At the time of plaintiff's second conviction, Jordan had worked at the DA's office for less than a year and in the trial division less than six months. He held no supervisory position. Should the Court not quash the subpoena, Jordan asks it to limit the deposition to Jordan's personal knowledge of policies and procedures at the DA's office during the time of plaintiff's first and second trials.

Plaintiff seeks to depose Jordan as to two cases that he tried in 1995 and 1996, six years after plaintiff's second conviction. Jordan contends that any policies and procedures in 1995 and 1996 are irrelevant and disproportionate to plaintiff's claims given the six-year gap between convictions. Citing Supreme Court precedent, Jordan notes that contemporaneous or subsequent conduct can not serve as the basis for a pattern-and-practice violation under *Monell v. Department of Social Services of the city of New York*, 436 U.S 658 (1978).. Prior notice, he maintains, is necessary under *Monell*. Jordan contends that any marginal information that he may have may be obtained through other means by plaintiff.

Jordan also contends that much of the information is privileged as it relates to investigations and allegations of misconduct against offenders. Jordan further argues that any marginal information that he may have does not warrant a nine-hour deposition. He testified in the post-conviction proceedings in both of the earlier lawsuits, and plaintiff can obtain his testimony from the transcripts (which, he maintains, would be more reliable given that less time had passed between then and now).

Plaintiff notes that the DA's office hired Jordan in 1989, one year before plaintiff's second conviction. He thus argues that Jordan may possess information relevant to the policies and procedures in place at the time of plaintiff's second conviction. Plaintiff also notes that Jordan is the only DA to ever be disciplined by the Louisiana Attorney Disciplinary Board for failure to disclose *Brady* material in the criminal trial of Shareef Cousins.

Plaintiff further notes that Jordan was involved in the exhumation of homicide victim Debra Ulfers, the second wife of Ronald Ulfers, whose first wife, Cathy Ulfers, was the homicide victim who plaintiff was convicted of killing. Plaintiff contends that Jordan may have information on Ronald Ulfers and the extent to which the DA's office considered him a suspect in the murder of Cathy Ulfers.

Lastly, plaintiff notes that the deposition is less than one-half mile from Jordan's offices and has been scheduled to begin at 11:00 a.m. on March 3, 2017 to allow Jordan to attend court that day. He thus maintains that it is not an undue burden on Jordan.

In a reply memorandum and a supplemental opposition, the parties elaborate on these arguments.

**III.   Law and Analysis**

The Court first notes that the issues of service, fees, and mileage are no longer in dispute. Accordingly, the Motion to Quash Subpoena [Doc. #174] is DISMISSED AS MOOT as to these issues.

With regard to the requests for production related to the first subpoena and the second motion [Doc. #180], the Court finds that Adams' discovery requests and a deposition of Jordan are reasonably calculated to lead to the discovery of admissible evidence and proportionate to the needs of this lawsuit. Fed. R. Civ. P. 26(b)(1). Having reviewed the requests and the notice of deposition, the Court finds that they are narrowly-tailored to lead to the discovery of admissible evidence as to Adams' *Monell* claim. The Court thus orders Jordan to respond to the discovery requests and to sit for a deposition with the following caveats:

(1) The Court temporally limits the discovery requests and the deposition testimony (apart from any specific allowance outlined below) to five (5) years before and five (5) years after from the murder of Debra Ulfers.

(2) With regard to the personnel file of Jordan and any documents received from the Louisiana Attorney Disciplinary Board ("LADB"), the Court notes that they have already been produced. However, the Court orders that these documents be redacted of all personal and financial information. Moreover, the Court orders that the use and disclosure of any of these documents be limited to the underlying lawsuit. They shall not be used or disclosed outside this litigation without an order from this Court. Plaintiff shall also produce to Jordan his personnel file and any documents received from the LADB in the same form as said documents were produced to him. Plaintiff shall further disclose to Jordan the parties who have access to these documents and any parties who have signed the Confidentiality Order attached to the protective order earlier entered by this Court.

(3) The documents and deposition testimony are further limited in scope to: a) information about plaintiff's prosecutions, up to and including the date of plaintiff's 2014 release, b) information related to the exhumation of Debra Ulfers' body, c) DA's office training and policy regarding compliance with *Brady* during movant's tenure in the DA's Office, and d) discipline within the DA's Office for *Brady* violations.

(4) Plaintiff is prohibited from obtaining testimony or information related to: a) *Brady* violations or other Constitutional violations reflected in complaints to the Louisiana Office of Disciplinary Counsel from which formal charges

    did not arise, and b) other allegations of misconduct extending beyond *Brady* violations.
(5) Given the tenuous stance of Jordan to plaintiff's convictions, the deposition of Jordan shall be limited to three (3) hours. Should plaintiff need more time, he must telephone the Court and demonstrate good cause why a longer deposition is necessary.

 Jordan also asks this Court to prohibit plaintiff from asking him about specific instances of *Brady* violations occurring after plaintiff's convictions. This, the Court will not do. The Court finds that Adams is correct here with regard to the discoverability of subsequent or contemporaneous conduct. Despite *Connick v. Thompson*, 563 U.S. 51 (2011), district courts continue to hold that "'[s]ubsequent or contemporaneous conduct can be circumstantial evidence of the existence of preceding municipal policy or custom.'" *Williams v. Connick*, Civ. A. No. 12-1274, 2014 WL 1246771, at *6 (E.D. La. Mar. 25, 2014) (quoting *Chepilko v. City of New York*, No. 06-CV-5491, 2012 WL 398700, *15 (E.D.N.Y. Feb. 6, 2012) (and cases cited therein)); *see also Starks v. City of Waukegan*, No. 09 C 348, 2013 WL 5874563, at *2 (N.D. Ill. Oct. 31, 2013) ("[A] *Monell* claim may rest on alleged constitutional violations that occur after misconduct at issue in that case."); *Groark v. Timek*, 989 F. Supp. 2d 378, 398 (D.N.J. 2013) ("Subsequent incidents . . . may be relevant to show a continuous pattern that supports a finding of an accepted custom or policy."); *Bordanaro v. McLeod*, 871 F.2d 1151, 1167 (1st Cir. 1989) ("Post-event evidence can shed some light on what policies existed in the city on the date of an alleged deprivation of constitutional right."). Accordingly, discovery in this case cannot be "limited to acts that occurred only before the incident in question," and the subpoena should not be quashed as to this issue on the basis of relevance or disproportionality. *Williams*, 2014 WL 1246771, at *6. The Court also notes that Adams is also correct as to admissibility. Admissibility is entirely different from discoverability. Whether evidence is admissible at trial does not control whether it is

5

discoverable, as long as it is reasonably calculated to lead to the discovery of admissible evidence and proportionate to the needs of the case.

## IV. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that the Motion to Quash Subpoena [Doc. #174] and the Ex Parte Motion to Supplement Motion to Quash Subpoena and to Seek a Protective Order [Doc. #180] are GRANTED IN PART and DISMISSED AS MOOT IN PART as outlined above.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**