UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **REGINALD ADAMS** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NUMBER: 15-01543** |
| | * | |
| **THE CITY OF NEW ORLEANS** | * | **SECTION "E"** |
| **LEON CANNIZZARO, JR.** | * | **JUDGE MORGAN** |
| **SANDRA GEBBIA** | * | |
| **as administrator of the estate of Sam Gebbia** | * | **MAGISTRATE "3"** |
| **MARTIN VENEZIA** | * | **JUDGE KNOWLES** |
| **FRANK RUIZ** | * | |
| **JERRY URSIN** | * | |
| **RONALD BODENHEIMER** | * | |
| **JOHN DOE 1** | * | |
| **JANE DOE 1** | * | |
| **JOHN AND JANE DOES 2-10** | * | |
| **ABC INSURANCE COMPANIES 1-10** | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## CONSENT JUDGMENT

**NOW INTO COURT,** through undersigned counsel, comes plaintiff, Reginald Adams, and defendants, the City of New Orleans, Leon Cannizzaro, Jr., Martin Venezia, Frank Ruiz, Jerry Ursin and Ronald Bodenheimer, who hereby represent to this court that all claims in the above-captioned matter have been settled and/or compromised. Considering the settlement agreement reached and the parties' mutual consent to be bound by this Judgment;

**IT IS ORDERED, ADJUDGED AND DECREED** that this Consent Judgment is entered into by the undersigned parties to the above-captioned matter to settle and resolve the claims asserted by plaintiff.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that nothing in this Consent Judgment, plaintiff's Complaint and subsequent pleadings, or the negotiation process shall be construed as an admission or evidence of liability under any federal, state, or municipal

1

law, including, but not limited to, 42 U.S.C. § 1983. Nor is the defendants' entry into this Consent Judgment an admission by the City of New Orleans or the Orleans Parish District Attorney's Office, or any current or former officer or employee of either entity, or any other party to the above-captioned matter that is not a current or former officer or employee of either entity, that they have engaged in any unconstitutional, illegal, or otherwise improper activities or conduct. Nor is the defendants' entry into this Consent Judgment an admission or waiver of any claim that they may have for indemnification and/or contribution against any individual or entity other than plaintiff and his attorneys, agents, representatives, and predecessors and successors in interest, which claims are expressly reserved except as to plaintiff and his attorneys, agents, representatives, and predecessors and successors in interest, as the result of the dismissal of this litigation without a final judgment finding fault.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that in the event of any public-records request, requesting drafts of this Consent Judgment or communications among the parties leading to this Consent Judgment, the Court will maintain continuing jurisdiction over any such request. Further, the parties may assert in any action, motion, subpoena or request for disclosure of information the ongoing applicability of a settlement privilege pursuant to Federal Rule of Evidence 408 to all such drafts or communications among the Parties leading to this Consent Judgment. This Consent Judgment shall remain confidential and under seal until all payments to Reginald Adams are satisfied.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that this Consent Judgment is a final resolution of plaintiff's claim for money damages and attorney's fees and costs in this matter.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that this Consent Judgment will not become effective until the parties have been notified, pursuant to the Federal Rules of Civil Procedure, of its approval and ratification by the Court. Upon final approval and entry of this Consent Judgment by the Court, this Consent Judgment shall be effective immediately. The parties agree to take the necessary actions to ensure compliance with all of the substantive provisions of this Consent Judgment.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Mr. Adams's claims are compromised and settled in full with a structured payment exclusively paid by the City of New Orleans to Reginald Adams in the amount of ONE MILLION TWO HUNDRED FIFTY THOUSAND AND NO/100 ($1,250,000.00) DOLLARS. This amount will be paid as follows:

1. $75,000.00 payable to Reginald Adams within 30 days of the Court approving this Consent Judgment;

2. $300,000.00 payable to Reginald Adams on or before December 31, 2017;

3. $291,667.00 payable to Reginald Adams on or before December 31, 2018;

4. $291,667.00 payable to Reginald Adams on or before December 31, 2019; and

5. $291,666.00 payable to Reginald Adams on or before December 31, 2020.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that if payment is not made on or before the dates provided above, interest shall accrue on overdue amounts at the rate of judicial interest provided in LA R.S. 13:4202(B)(1).

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the parties hereto agree that the settlement amount ($1,250,000.00) is being made in settlement of Mr. Adams's claims for wrongful incarceration for the murder of Cathy Ulfers, as set forth in his Complaint. The parties further agree that this Consent Judgment shall have no effect on Mr. Adams's right to

3

statutory compensation pursuant to LA R.S. 15:572.8, nor will any defendant argue or claim a right to credit or set-off as to Mr. Adams.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the plaintiff agrees to hold the City of New Orleans, the Orleans Parish District Attorney's Office, Leon Cannizzaro, Jr., Sam Gebbia, Martin Venezia, Frank Ruiz, Jerry Ursin and Ronald Bodenheimer harmless from and against any and all claims and demands by plaintiff that arise out of the claims made by the plaintiff in connection with this lawsuit, except that this agreement shall have no effect on Mr. Adams's right to statutory compensation pursuant to LA R.S. 15:572.8. Plaintiff shall also be responsible for payment of his own medical expenses, attorney's fees, liens and any other costs associated with the litigation.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the parties hereto agree to mutually release and discharge the other parties, their past and present employees, executives, officers, attorneys, agents, representatives, and predecessors and successors in interest, from any and all past, present or future claims, demands, or obligations which have resulted or may result from the claims or alleged acts or omissions which are the subject of the above-captioned matter, and from any damages, costs, expenses, and compensation incurred in connection with the litigation in the above-captioned matter. Provided, however, that this provision will not be construed as a waiver of any claim that a defendant may have against another defendant for indemnification and/or contribution, which is expressly reserved, as the result of the dismissal of this litigation without a final judgment finding fault. Provided also that this provision shall have no effect on Mr. Adams's right to statutory compensation pursuant to LA R.S. 15:572.8.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that plaintiff and the

4

City of New Orleans agree to execute a Confidential Settlement, Receipt & Release Agreement prior to receiving any portion of the structured payment.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that all claims against the City of New Orleans, Leon Cannizzaro, Jr., Sandra Gebbia as administrator of the estate of Sam Gebbia, Martin Venezia, Frank Ruiz, Jerry Ursin and Ronald Bodenheimer shall be dismissed with prejudice upon Adams's receipt of the total sum of consideration outlined above.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Court shall retain continuing jurisdiction to enforce the terms of this Consent Judgment and the accompanying Confidential Settlement, Receipt & Release Agreement.

New Orleans, Louisiana this _15th_ day of _____June_____, 2017.

_____
SUSIE MORGAN
UNITED STATES DISTRICT JUDGE

**[THE REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK]**

**[SIGNATURES APPEAR ON THE FOLLOWING PAGE]**

Respectfully submitted,

/s/ Benjamin S. Haley
Michael W. Magner (Bar No. 01206)
Avery B. Pardee (Bar No. 31280)
Tarak Anada (Bar No. 31598)
Alexander N. Breckinridge (Bar No. 36155)
Micah John Fincher (Bar No. 33830)
JONES WALKER LLP
201 St. Charles Ave
Suite 5100
New Orleans, Louisiana 70170
Phone: (504) 582-8000
Fax: (504) 589-8316
Email: MMagner@joneswalker.com.
APardee@joneswalker.com
TAnada@joneswalker.com
ABreckinridge@joneswalker.com,
MFincher@joneswalker.com

Christopher M. Denig* (DC Bar No. 457187)
Benjamin S. Haley* (DC Bar No. 500103)
Robert D. Tilley* (DC Bar No. 1011982)
Kimberley K. Allen* (DC Bar No. 1009640)
David N. Sneed* (VA Bar No. 84470)
William R. McAuliffe* (DC Bar No. 1024136)
Tina M. Thomas* (NY Bar No 5318464)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
Phone: (202) 662-6000
Fax: (202) 778-6291
Email: cdenig@cov.com, bhaley@cov.com,
rtilley@cov.com, kallen@cov.com,
dsneed@cov.com, wmcauliffe@cov.com,
tthomas@cov.com

*Admitted pro hac vice
Attorneys for Plaintiff Reginald Adams

/s/ Rebecca Dietz
Rebecca H. Deitz
1300 Perdido Street
City Hall – Room 5E03
New Orleans, Louisiana 70112
rhdietz@nola.gov
Attorney for City of New Orleans

/s/ John A. Venezia
John A. Venezia
VENEZIA & ASSOCIATES (APLC)
757 St. Charles Avenue
Suite 302
New Orleans, LA 70130
johnvenezia@venezialaw.net
Attorney for Martin Venezia

/s/ Steven Mauterer
Steven Mauterer
210 Huey P. Long Avenue
Gretna, Louisiana 70053
smauterer@beeverslaw.com
Attorney for Ronald Bodenheimer

/s/ Thomas J. Barbera
Thomas J. Barbera
1010 Common Street, Suite 3000
New Orleans, LA 70112
barberalawfirm@cox.net
Attorney for Leon Cannizzaro,
Orleans Parish District Attorney Office

/s/ Blake J. Arcuri
Blake J. Arcuri
2800 Perdido Street
New Orleans, LA 70119
Tel: (504) 202-9404; Cell: (504) 481-5597
arcurib@opso.us
Attorney for Jerry Ursin & Frank Ruiz

6